UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TONY MARTINEZ,

        Plaintiff,

   v.

DEL TACO INC. dba DEL TACO #178; CT RETAIL PROPERTIES FINANCE V, LLC.,

        Defendants.

CASE NO. CIV. S-05-1418 WBS PAN

<u>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT</u>

----oo0oo----

       Plaintiff Tony Matinez alleges that defendants Del Taco Inc. and CT Retail Properties Finance V, LLC, violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12300, and various California statutes in the course of operating a restaurant.  Having closed the facility at issue, defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56.

///

///

///

1

I.   Factual and Procedural Background

   Plaintiff filed this suit on July 14, 2005, alleging that "barriers (both physical and intangible) . . . interfered with--if not outright denied--his ability to use and enjoy the goods, services, privileges, and accommodations offered at" defendants' Del Taco #178, located at 6021 Mack Road, Sacramento, California. (Compl.¶¶ 1, 10.)  A paraplegic who "requires the use of a wheelchair and mobility equipped vehicle when traveling about in public," plaintiff identified several "elements and areas of the Restaurant [that] were inaccessible" and sought injunctive relief under the ADA and damages under state law. (Id. ¶¶ 8, 13.)

   However, on December 7, 2005, defendants shuttered Del Taco #178 and consequently rendered plaintiff's ADA claim moot. (Albright Decl. ¶ 6; Pl.'s Opp'n to Defs.' Mot. for Summ. J. 2 (conceding that this fact is undisputed).)  Additionally, defendants do not plan to reopen the restaurant.  (Albright Decl. ¶ 6.)  Arguing that the only obvious federal question in this case (plaintiff's request for injunctive relief under the ADA) is no longer at issue, defendants now urge the court to decline to continue to exercise supplemental jurisdiction over plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c).

II.   Discussion

   Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.

2

1  56(c). Significantly, the ADA only charges the operators of
2  public accommodations with a duty to "remove architectural
3  barriers . . . where such removal is readily achievable" and
4  further provides only one remedy for private plaintiffs:
5  injunctive relief. Id. § 12182(b)(2)(A)(iv). Consequently, when
6  a defendant is no longer interested in or involved with a place
7  of public accommodation, the plaintiff's ADA claim becomes moot
8  and the defendant is entitled to summary judgment. See Wander v.
9  Kaus, 304 F.3d 856, 857 (9th Cir. 2002).

    A.   Plaintiff's ADA Claim

        The parties do not dispute that summary judgment on plaintiff's ADA claim in favor of defendants is warranted.[1]

---

[1] At least in his first opposition brief, plaintiff seemed to take this position. However, on January 30, 2006, plaintiff filed a "supplemental" opposition brief in which he presented several counter-arguments that he failed to make in his original opposition brief. Among these arguments, plaintiff included a request for a continuance pursuant to Rule 56(f).

    "Under Fed. R. Civ. P. 56(f), if affidavits needed to support an opposition to a summary judgment motion are unavailable at the time of the motion for summary judgment, the court may refuse to issue the judgment or may order a continuance to allow such affidavits or depositions as are needed to be taken." Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir. 1991). Plaintiff contends that further discovery is necessary to respond to defendants' arguments that removal of barriers at Del Taco #178 was not "readily achievable."

    Now that the business has closed, for purposes of ADA injunctive relieve, whether removal of barriers was readily achievable is completely irrelevant. Because a continuance under Rule 56(f) is only warranted when the evidence sought through additional discovery will be "essential" to the non-moving party's ability to resist a motion for summary judgment, plaintiff is not entitled to such relief here. Terrell v. Brewer, 935 F.2d 1015, 1017-18 (9th Cir. 1991) (noting that a continuance is warranted only when "essential facts that would defeat the summary judgment motion" are thought to be discoverable).

    As an aside, the court notes that this is the second time in just as many weeks that plaintiff's counsel has filed

Having ceased operations, defendants are not required to make structural changes to a site that no longer accommodates the public. Plaintiff's ADA claim will therefore be dismissed. Because plaintiff's only remaining claims arise from state law provisions, the court ordinarily would next dismiss plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) (allowing a district court to decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction . . . ."); Ballard v. Equifax Check Servs., Inc., 186 F.R.D. 589, 599 (E.D. Cal. 1999); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

Anticipating this outcome however, plaintiff argues that the court should consider whether California's disability discrimination laws, which incorporate standards from the ADA, present civil claims that "arise under" the laws of the United States.[2] (Pl.'s Opp'n to Defs.' Mot. for Summ. J. 1 ("Plaintiff is . . . well aware that this Court will decline supplemental

---

additional briefs not permitted by the court's standard motion practice, which, as a reminder, allows for a moving brief, an opposition, and a reply. Counsel would be well advised to adhere to the proper etiquette of motion practice in the future.

[2] California's Unruh Act and its Disabled Persons Act both incorporate the federal law prohibiting discrimination against disabled persons. Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."); Cal. Civ. Code § 54(c) ("A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section.").

4

jurisdiction if original federal jurisdiction is lost.").) Although the Ninth Circuit definitively rejected plaintiff's position in Wander v. Kaus, 304 F.3d 856 (9th Cir. 2002), plaintiff urges the court to reconsider that decision in light of Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 125 S. Ct. 2363 (2005).

     B.   Jurisdiction over Remaining State Law Claims

          1.   Federal Question Jurisdiction

          Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over all claims arising under laws of United States. Clear examples of such "federal question" cases include those "in which federal law creates a cause of action." Wander, 304 F.3d at 858. However, the presence of a federal issue in a state law claim can also, under the right circumstances, present a federal question. See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983).

       The Supreme Court has historically resisted pressure to create a bright line test for courts to use to identify state law claims that present federal questions. Grable, 125 S. Ct. at 2368, 2370 (discussing Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804 (1986)). Recently, however, the Court at least provided a clearer framework for making such determinations. In Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, the Court directed lower courts to consider (1) whether the federal aspect of the claim is actually in dispute, (2) whether the federal issue is "a substantial one, indicating a serious federal interest in claiming the advantages thought to be

5

1 inherent in a federal forum", (3) whether the exercise of federal
2 jurisdiction will disrupt federal jurisdiction by flooding
3 federal courts with state claims, and (4) whether there is
4 evidence that Congress did not intend to provide a federal cause
5 of action for violation of the incorporated federal statute. Id.
6 at 2367-68, 2370. Applying this framework, the Court determined
7 in Grable that a landowner's quiet title claim against a tax sale
8 purchaser, which alleged that the IRS, pursuant to federal law,
9 provided inadequate notice to the owner before the sale, involved
10 "an important issue of federal law that sensibly belongs in a
11 federal court." Id. at 2368. In evaluating the particular
12 statute at issue in Grable, significant considerations included
13 that the entire outcome hinged on the meaning of the incorporated
14 federal statute, that the federal government had a significant
15 interest in the particular dispute, and that only a limited
16 number of quiet title cases will actually raise a contested
17 matter of federal law. Id. at 2358.

18      Despite the fact that Grable did not purport to
19 overrule any of its prior precedents on federal question
20 jurisdiction, plaintiff insists that the decision worked a major
21 change in Ninth Circuit law. Specifically, plaintiff argues that
22 Grable implicitly overruled Wander v. Kaus, 304 F.3d at 857
23 (holding "that there is no federal-question jurisdiction over a
24 lawsuit for damages brought under California's Disabled Persons
25 Act, even though the California statute makes a violation of the
26 [ADA] a violation of state law."). Plaintiff seems to draw this
27 conclusion from the mere fact that the losing party in Grable
28 cited to Wander in its briefs and the Court failed to adopt

6

petitioner's position. (Pl.'s Opp'n to Defs.' Mot. for Summ. J. 8-9.)

In Wander, the defendants moved to dismiss plaintiff's case against them, which was based on allegations that the business complex they owned included structural barriers that discriminated against the disabled. 304 F.3d at 857. The defendants had sold the complex and consequently, as in this case, injunctive relief under the ADA was no longer at issue; only California state law claims, including claims under the Disabled Persons Act, remained. Id. at 858. Affirming the district court's dismissal of the plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c), the court focused on Congress' intentional provision of only injunctive relief under the ADA and "the nature of the federal interest at stake." Id. at 858-59. Largely by way of analogy to the Supreme Court's reasoning in Merrell Dow,[3] the Wander court concluded that "the exercise of federal question jurisdiction under these circumstances would fly in the face of clear congressional intent." Id. at 859.

Simply put, Grable did not overrule Wander. The clear message of Grable is that there is still no bright line rule capable of identifying federal jurisdiction in a case based on

---

[3] In Merrell Dow, the alleged misbranding of a drug in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA") was expected to be relevant in an analysis of a plaintiff's state law negligence claim. However, the Court held that the fact that the federal definition of misbranding would be at issue did not transform a state law cause of action into a federal question, especially in light of Congress' decision to deny a private, federal right to sue for a violation of the statute. 478 U.S. at 819.

7

state law claims.  Both before and after <u>Grable</u>, the inquiry was, and remains, a contextual one that is sensitive to the particular statute at issue.  125 S. Ct. at 2371.  As the Court noted, "federal issue" is not "a password opening federal courts to any state action embracing a point of federal law."  <u>Id.</u> at 2368.

   Plaintiff's argument also ignores the Court's conclusion that <u>Merrell Dow</u>, the authority primarily relied on in <u>Wander</u>, was not at odds with <u>Grable</u>.  Although <u>Merrell Dow</u> could have been read to support the proposition that Congress' failure to provide a federal cause of action means that state law, by incorporating the federal standard <u>and</u> providing a cause of action, cannot create federal jurisdiction, <u>Grable</u> pointed out that when read <u>as a whole</u>, the rule in <u>Merrell Dow</u> is more nuanced.  <u>Id.</u> at 2369-70.  Significantly, the Court observed that <u>Merrell Dow</u> also examined "the federal interest at stake and the implications of opening the federal forum."  <u>Id.</u> at 2369.  Thus, while <u>Grable</u> may have tempered <u>Merrell Dow</u> in some respects by noting that the absence of a federal cause of action is "evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent,'" the Court in no way overruled its prior decision.  <u>Id.</u> at 2370; <u>see also</u> <u>Id.</u> at 2371 (Thomas, J., dissenting)  (noting that the Court had "faithfully applie[d] [its] precedents interpreting 28 U.S.C. § 1331" and that "[i]n this case, no one . . . asked us to overrule those precedents").

   Likewise, <u>Grable</u> in no way overruled <u>Wander</u>, where the Ninth Circuit found the situation materially indistinguishable from <u>Merrell Dow</u>.  304 F.3d at 859.  Admittedly, <u>Wander</u> primarily focused on Congress' intent to bar from the federal forum ADA

8

actions for damages.[4] But <u>Wander</u> also cited to a discussion from one of this court's prior orders, opining that the ADA issues in California law "are not 'substantial' enough in the context of a claim for damages to confer federal question jurisdiction." <u>Pickern v. Best W. Timber Cove Lodge Marina Resort</u>, 194 F. Supp. 2d 1128, 1132 (E.D. Cal. 2002); <u>see also</u> <u>Wander</u>, 304 F.3d at 860 (quoting <u>Pickern</u>: "[T]he question of damages [under California law] becomes the tail that wags the dog of the ADA issues.").

       Furthermore, it seems clear to this court that treating state disability claims under laws that incorporate the ADA as

---

[4] Given the substance of the ADA, it is not surprising that the Ninth Circuit gave such weight to congressional intent in <u>Wander</u>. Because the statute specifically allows the Attorney General to pursue civil penalties and nowhere provides private plaintiffs with a similar right, it is obvious that Congress sought to limit the damages available under the ADA.  42 U.S.C. 12188(b)(2)(B) (monetary damages available only "when requested by the Attorney General").  Morever, the legislative history could not be any clearer: under the ADA "[t]he court does not have authority to award monetary damages in situations where such relief is not requested by the Attorney General."  H.R. Rep. No. 101-485 (III), at 68 (1990), <u>reprinted in</u> 1990 U.S.C.C.A.N. 445, 491.  In the case of the ADA, Congress not only failed to provide a private right to recover damages, but rather explicitly rejected this proposal.  Recognizing a federal question based on state laws that provide such a right would be an affront to congressional intent.
       This position is not, as plaintiff contends, contrary to Congress' stated goal for the ADA: "to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for . . . individuals [with disabilities]."  42 U.S.C. § 12101(a)(8).  Specifically regarding Title III of the ADA, Congress' goal, to assure equal access to public accommodations, can be fully accomplished through injunctive relief that requires compliance with certain structural and procedural standards.  Congress determined that punishment, through an award of damages, is only necessary in the most egregious cases.  <u>See</u> H.R. Rep. No. 101-485 (III), at 67 (1990), <u>reprinted in</u> 1990 U.S.C.C.A.N. 445, 490 (noting that action by the Attorney General, who <u>is</u> authorized to sue for damages, is appropriate if someone engages in a "pattern or practice of resistance to the full enjoyment of any of the rights granted by this title . . . [or] if such denial raises an issue of general public importance.").

9

federal questions would have a significant effect on the federal-state division of labor. 125 S. Ct. at 2368. In Grable, a limited number of state title cases, those where the Government seeks "to vindicate its own administrative action" based on federal tax proceedings, were classified as federal questions. Id. Plaintiff's proposal here is not nearly so limited. Plaintiff would have this court establish that all suits under state laws incorporating the ADA present federal questions. Such a rule could significantly expand federal jurisdiction over disability law and would certainly disrupt the balance between federal and state courts in addressing this problem. See H.R. Rep. No. 101-485 (III), at 70 (1990), reprinted in 1990 U.S.C.C.A.N. 445, 493 (recognizing that section 501 of the ADA allows states to develop alternative laws with greater remedies). Moreover, as this court has already noted, "[s]uch a rule would have the impermissible effect of allowing state legislation to expand the jurisdiction of the federal courts." Pickern, 194 F. Supp. 2d at 1133.

     In sum, although the state law claims in the instant case may involve a dispute regarding whether defendants violated plaintiff's rights under federal law, this court has held, and the Ninth Circuit has implicitly recognized, that the role of the ADA in California's disability laws is not significant. Moreover, to assume federal jurisdiction over damages claims based on a violation of the ADA would flout congressional intent. In addition, such action would disrupt the distinctions between federal and state jurisdiction over disability discrimination issues. Consequently, while the Ninth Circuit's reasoning in

10

Wander, in light of Grable, perhaps should have been more comprehensive, its holding remains good law. See Miller v. Gammie 335 F.3d 889, 900 (9th Cir. 2003) ("[To overrule circuit precedent,] the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable."). Accordingly, there remains "no federal-question jurisdiction over a lawsuit for damages brought under California's Disabled Persons Act, even though the California statute makes a violation of the [ADA] a violation of state law." Wander, 304 F.3d at 857.

            2.   Supplemental Jurisdiction

The court is now free to consider whether to decline to exercise supplemental jurisdiction over plaintiff's state law claims. As noted, Section 1367(c)(3) allows a district court to decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Factors for the court to consider in deciding whether to dismiss supplemental state claims include judicial economy, convenience, fairness, and comity. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992). "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) overruled on other grounds by Acri, 114 F.3d at 1000. On prior occasions, this court has noted that some circuits have gone even further and held that, absent extraordinary or unusual circumstances,

11

1  federal courts should not retain jurisdiction.  See, e.g., Musson
2  Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1255 (6th
3  Cir. 1996); Wentzka v. Gellman, 991 F.2d 423, 425 (7th Cir.
4  1993).
5         While litigation of a new suit in state court may
6  somewhat inconvenience plaintiff, plaintiff has made no showing
7  of extraordinary or unusual circumstances here.  Accordingly, the
8  court declines to exercise supplemental jurisdiction under 28
9  U.S.C. § 1367(c)(3) as to the remaining state law claims.
10        IT IS THEREFORE ORDERED that defendants' motion for
11 summary judgment on plaintiff's ADA claim be, and the same hereby
12 is, GRANTED.
13        IT IS FURTHER ORDERED that plaintiff's remaining state
14 law claims be, and the same hereby are, DISMISSED WITHOUT
15 PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).
16 DATED:  February 14, 2006

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

12